**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Paul HALL and Diane Hall, Defendants–Appellants.**

**No. 00–15435.**
**D.C. No. CV–98–01417–LKK.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001 *.

Decided Sept. 25, 2001.

Before REINHARDT, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

The district court properly granted summary judgment to the United States. The United States Forest Service determined that Hall had violated the terms of his plan of operation in such a way as to require revocation of the plan, and Hall did not appeal that decision administratively. Review of the agency's decision to revoke the plan is therefore precluded. *United States v. Doremus,* 888 F.2d 630, 633 (9th Cir. 1989); *United States v. Brunskill,* 792 F.2d 938, 941 (9th Cir.1986). Moreover, the district court found that Hall had failed

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to exhaust his administrative remedies, that the Forest Service determination was a final agency action and that it should be given res judicata effect. Hall has not contested any of these determinations on appeal.

Contrary to Hall's argument, *United States v. Shumway,* 199 F.3d 1093 (9th Cir.1999), does not dictate a different result in this case. The Shumways did pursue their administrative remedies before challenging the bond requirement in district court. *Id.* at 1096. Moreover, even *Shumway* recognizes that claimants must follow valid Forest Service regulations or risk eviction. *Id.* at 1103.

AFFIRMED.